■ GORDON ENVIRONMENTAL & MECHANICAL CORP., Appellant-Respondent, v NEW YORK CITY HOUSING AUTHORITY, Respondent-Appellant. [793 NYS2d 33]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about August 5, 2004, which granted defendant's motion to dismiss the complaint only to the extent of dismissing, without prejudice, plaintiff's claims related to extra work and the unpaid contract price, and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

Plaintiff is the subcontractor for the removal and replacement of four underground oil storage tanks in connection with the comprehensive modernization of one of defendant's housing facilities. The parties disagree over plaintiff's compensation for pumping groundwater from the fuel tank excavation sites and discharging that water into the New York City sewer system. Plaintiff alleges that defendant is indebted to it "for its dewatering operation at the unit price of $4.50 per gallon, or in the amount of $6,382,350." Defendant contends that the cost of dewatering operations was included in the base bid of $697,000. The motion court found that each party's interpretation of the contract is reasonable, and denied both defendant's motion to dismiss the claim for recovery based on a unit price for dewatering and plaintiff's cross motion for summary judgment in its favor.

Pursuant to the Form of Proposal for "Single-Part Base Bid Contracts with Alternates & Unit Prices Listed," each bidder was required to submit a base bid for "all labor, materials, tools, supplies and insurance." Under section X (A) of the contract specifications, "Base bid shall include all costs for dewatering of the excavation including the cost of equipment, mobilizing and demobilizing costs, fencing and permits." It is this provision on which defendant primarily relies. As indicated, plaintiff's base bid was $697,000.

However, pursuant to the Form of Proposal, each bidder was also required to submit unit prices for a list of 24 items, including "Dewatering of clean or contaminated ground water. And associated work in accordance with sub-section X. Price shall include oil/water separation if required." Section X (B) of the contract specifications states: "Include in the Unit Price the cost of providing and installing a temporary oil/water separator, a well point system, pumps, piping, wiring, etc. as indicated in contract drawings, to treat groundwater should it be contaminated with fuel oil . . . Should an oil/water separator not be required, provide credit as per the price specified in the Form of Proposal to the Construction Manager." Plaintiff's quoted unit price for the dewatering was $4.50 per gallon, and plaintiff alleges that it removed and excavated 1,418,300 gallons.

Defendant argues that, contrary to the motion court's finding, requiring unit prices for dewatering is not irreconcilable with requiring that the base bid include all costs for dewatering, because the contract does not provide that the unit price for dewatering will actually be paid. Rather, defendant explains, including unit prices in a base bid contract such as this provides a method for calculating additions or deletions to the contract,

should defendant decide to do so, at its discretion, based solely on its own best interests. Indeed, the contract expressly states, above the list of unit prices, that "Unit Prices shall be used when required . . . by the Construction Manager for all additions and/or deletions to the Contract Quantities" and, in the Supplementary Terms and Conditions, that "Construction Manager reserves the right to exercise any alternate and/or unit pricing at its sole discretion in the best interests of NYCHA over the duration of the project."

Defendant asserts that it had no occasion to consider the unit price quoted by plaintiff for dewatering, because the contract did not specify any quantity of water to be extracted. It required plaintiff to "dewater tank area . . . as necessary to control petroleum contaminated groundwater for specifications." Certainly, defendant argues, there is nothing in the record to suggest that defendant ever determined that it would be in its best interests "to inflate a $600,000 contract to a $6 million contract based upon the unit price quoted in the Form of Proposal."

Conversely, plaintiff argues that it defies logic that defendant, unless required by the contract, would ever choose to pay more for dewatering, based on unit pricing, than it was obligated to pay under the base bid. Indeed, defendant's explanation, while supported by the unambiguous language quoted above from the list of unit prices and the Supplementary Terms and Conditions, would seem to render the provisions concerning unit prices meaningless (*see American Express Bank v Uniroyal, Inc.*, 164 AD2d 275, 277 [1990], *lv denied* 77 NY2d 807 [1991]).

Thus, we find that neither party has established its entitlement to summary judgment on the issue of plaintiff's compensation for its dewatering operation. Concur—Mazzarelli, J.P., Marlow, Ellerin, Gonzalez and Catterson, JJ.